1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7
8
9
10

**SHERRI L.DEEM** , individually and as
Personal Representative of the Estate of
**THOMAS A. DEEM**, deceased,

                              Plaintiff,

        v.

**ARMSTRONG INTERNATIONAL,
    INC.**;
**ANCHOR/DARLING VALVE
    COMPANY**;
**BW/IP, INC.**,
    individually and as successor-in-interest
    to BYRON JACKSON PUMPS;
**BLACKMER PUMP COMPANY**;
**CLARK-RELIANCE CORPORATION**,
    individually, and as successor-in-interest
    to JERGUSON GAGE & VALVE
    COMPANY;
**CLEAVER-BROOKS, INC.**,
    f/k/a AQUA-CHEM, INC. d/b/a
    CLEAVER-BROOKS DIVISION;
**CROSBY VALVE, LLC**;
**FLOWSERVE CORPORATION**,
    individually and as successor-in-interest
    to ANCHOR/DARLING VALVE
    COMPANY;

No.

COMPLAINT FOR WRONGFUL
DEATH

JURY TRIAL DEMAND

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

COMPLAINT FOR WRONGFUL DEATH 1
(Case No.)

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

**FLOWSERVE US, INC.,**
     as successor-in-interest to EDWARD
     VALVES, INC.;
**FMC CORPORATION,**
     individually and as successor-in-interest
     to NORTHERN PUMPS;
**GARDNER DENVER, INC.**;
**GOULDS PUMPS, INC.**;
**GRINNELL LLC,**
     d/b/a GRINNELL CORPORATION;
**HOPEMAN BROTHERS, INC.**;
**ITT, LLC,**
     f/k/a ITT CORPORATION, ITT
     INDUSTRIES INC., ITT FLUID
     PRODUCTS CORP., HOFFMAN
     SPECIALITY MFG. CORP., BELL and
     GOSSETT COMPANY and ITT
     MARLOW;
**INGERSOLL-RAND COMPANY**;
**JERGUSON GAGE & VALVE
     COMPANY,**
     d/b/a CLARK-RELIANCE
     CORPORATION;
**JOHN CRANE, INC.**;
**MCNALLY INDUSTRIES, LLC,**
     Individually and as successor-in-interest
     to NORTHERN FIRE APPARATUS;
**VELAN VALVE CORP.**;
**VIAD CORP.,**
     f/k/a THE DIAL CORPORATION,
     individually and as successor to
     GRISCOM RUSSELL COMPANY;
**VIKING PUMP, INC.;**
**WEIR VALVES & CONTROLS USA,
     INC.,**
     individually and as successor-in-interest
     to ATWOOD & MORRILL CO., INC.;
**THE WILLIAM POWELL COMPANY**;

                         Defendants.

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA  98104
Phone (206) 622-8000 • Fax (206) 682-2305

## I.    CIVIL ACTION COMPLAINT

PLAINTIFF, Sherri L. Deem, individually and as Personal Representative of the Estate of Thomas A. Deem, sues the above-named Defendants for compensatory and punitive damages, by and through her attorneys, Schroeter, Goldmark, & Bender, and hereby brings this Civil Action Complaint, and alleges:

## II.    PARTIES

1.    The Plaintiff, Sherri L. Deem ("Plaintiff") is a citizen of the State of Washington where Thomas A. Deem was exposed to asbestos during the course of his career.

2.    Defendant, ARMSTRONG INTERNATIONAL, INC., was and is a company incorporated under the laws of the State of Michigan with its principal place of business in Michigan.  At all times material hereto, ARMSTRONG INTERNATIONAL, INC. mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Armstrong steam traps and strainers.  In addition, at all times material hereto, ARMSTRONG INTERNATIONAL, INC. manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed products, materials, or equipment that required asbestos in order to operate, for which concurrent use of asbestos was specified, or for which it was known asbestos would be used concurrently.    ARMSTRONG INTERNATIONAL, INC. has done and does business in the State of Washington.

3.    Defendant, ANCHOR/DARLING VALVE COMPANY, was and is a company incorporated under the laws of the State of Pennsylvania with its principal place of

COMPLAINT FOR WRONGFUL DEATH 3
(Case No.)

business in Pennsylvania.  At all times material hereto, ANCHOR/DARLING VALVE COMPANY mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Anchor/Darling valves.   In addition, at all times material hereto, ANCHOR/DARLING VALVE COMPANY, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed products, materials, or equipment that required asbestos in order to operate, for which concurrent use of asbestos was specified, or for which it was known asbestos would be used concurrently. ANCHOR/DARLING VALVE COMPANY has done and does business in the State of Washington.

4.      Defendant, BW/IP, INC., individually and as successor-in- interest to BYRON JACKSON PUMPS, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Texas.  At all times material hereto, BW/IP, INC., individually and as successor-in- interest to BYRON JACKSON PUMPS, mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Byron Jackson pumps.  In addition, at all times material hereto, BW/IP, INC., individually and as successor-in- interest to BYRON JACKSON PUMPS, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed products, materials, or equipment that required asbestos in order to operate, for which concurrent use of asbestos was specified, or for which it was known asbestos

COMPLAINT FOR WRONGFUL DEATH 4
(Case No.)

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

would be used concurrently.  BW/IP, INC., individually and as successor-in- interest to BYRON JACKSON PUMPS has done and does business in the State of Washington.

5.  Defendant, BLACKMER PUMP COMPANY was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Michigan. At all times material hereto, BLACKMER PUMP COMPANY mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Blackmer pumps.  In addition, at all times material hereto, BLACKMER PUMP COMPANY manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed products, materials, or equipment that required asbestos in order to operate, for which concurrent use of asbestos was specified, or for which it was known asbestos would be used concurrently.  BLACKMER PUMP COMPANY has done and does business in the State of Washington.

6.  Defendant, CLARK-RELIANCE CORPORATION, individually and as successor-in-interest to JERGUSON GAGE & VALVE COMPANY, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Ohio. At all times material hereto, CLARK-RELIANCE CORPORATION, individually and as successor-in-interest to JERGUSON GAGE & VALVE COMPANY, mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Jerguson boiler, gauge and valve glasses.  In addition, at all times material hereto, CLARK-

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

RELIANCE CORPORATION, individually and as successor-in-interest to JERGUSON GAGE & VALVE COMPANY, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed products, materials, or equipment that required asbestos in order to operate, for which concurrent use of asbestos was specified, or for which it was known asbestos would be used concurrently.   CLARK-RELIANCE CORPORATION, individually and as successor-in-interest to JERGUSON GAGE & VALVE COMPANY, has done and does business in the State of Washington.

7.      Defendant, CLEAVER-BROOKS, INC., f/k/a AQUA-CHEM, INC. d/b/a CLEAVER-BROOKS DIVISION, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Georgia.   At all times material hereto, CLEAVER-BROOKS, INC., f/k/a AQUA-CHEM, INC. d/b/a CLEAVER-BROOKS DIVISION, mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Cleaver-Brooks boilers. In addition, at all times material hereto, CLEAVER-BROOKS, INC., f/k/a AQUA-CHEM, INC. d/b/a CLEAVER-BROOKS DIVISION, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed products, materials, or equipment that required asbestos in order to operate, for which concurrent use of asbestos was specified, or for which it was known asbestos would be used concurrently.   CLEAVER-BROOKS, INC., f/k/a AQUA-CHEM, INC. d/b/a CLEAVER-BROOKS DIVISION, has done and does business in the State of Washington.

COMPLAINT FOR WRONGFUL DEATH 6
(Case No.)

8.      Defendant, CROSBY VALVE, LLC, was and is a limited liability company incorporated under the laws of the State of Nevada with its principal place of business in Missouri.  CROSBY VALVE LLC's only member is The J.R. Clarkson Company LLC, a limited liability company incorporated under the laws of the State of Nevada with its principal place of business in Missouri.  At all times material hereto, CROSBY VALVE, LLC, mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Crosby valves.  In addition, at all times material hereto, CROSBY VALVE, LLC, individually and as successor in interest to CROSBY VALVE, LLC, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed products, materials, or equipment that required asbestos in order to operate, for which concurrent use of asbestos was specified, or for which it was known asbestos would be used concurrently.  CROSBY VALVE, LLC, individually and as successor in interest to CROSBY VALVE, LLC, has done and does business in the State of Washington.

9.      Defendant, FLOWSERVE CORPORATION, individually and as successor-in-interest to ANCHOR/DARLING VALVE COMPANY, was and is a company incorporated under the laws of the State of New York with its principal place of business in Texas.  At all times material hereto, FLOWSERVE CORPORATION, individually and as successor-in-interest to ANCHOR/DARLING VALVE COMPANY, mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Durco pumps and

COMPLAINT FOR WRONGFUL DEATH 7
(Case No.)

valves as well as Anchor/Darling valves. In addition, at all times material hereto, FLOWSERVE CORPORATION, individually and as successor-in-interest to ANCHOR/DARLING VALVE COMPANY, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed products, materials, or equipment that required asbestos in order to operate, for which concurrent use of asbestos was specified, or for which it was known asbestos would be used concurrently. FLOWSERVE CORPORATION, individually and as successor-in-interest to ANCHOR/DARLING VALVE COMPANY, has done and does business in the State of Washington.

10.     Defendant, FLOWSERVE US, INC., as successor-in-interest to EDWARD VALVES, INC., was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Texas. At all times material hereto, FLOWSERVE US, INC., as successor-in-interest to EDWARD VALVES, INC., mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Edward valves. In addition, at all times material hereto, FLOWSERVE US, INC., as successor-in-interest to EDWARD VALVES, INC., manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed products, materials, or equipment that required asbestos in order to operate, for which concurrent use of asbestos was specified, or for which it was known asbestos would be used concurrently. FLOWSERVE US, INC., as successor-in-interest to EDWARD VALVES, INC., has done and does business in the State of Washington.

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

11.     Defendant, FMC CORPORATION, individually and as successor-in-interest to NORTHERN PUMPS, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Pennsylvania.  At all times material hereto, FMC CORPORATION, individually and as successor-in-interest to NORTHERN PUMPS, mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Northern pumps.  In addition, at all times material hereto, FMC CORPORATION, individually and as successor-in-interest to NORTHERN PUMPS, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed products, materials, or equipment that required asbestos in order to operate, for which concurrent use of asbestos was specified, or for which it was known asbestos would be used concurrently.   FMC CORPORATION, individually and as successor-in-interest to NORTHERN PUMPS, has done and does business in the State of Washington.

12.     Defendant, GARDNER DENVER, INC., was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Wisconsin.  At all times material hereto, GARDNER DENVER, INC. mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Gardner Denver compressors and pumps.   In addition, at all times material hereto, GARDNER DENVER, INC. manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed products, materials, or equipment that required asbestos in

COMPLAINT FOR WRONGFUL DEATH 9
(Case No.)

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

order to operate, for which concurrent use of asbestos was specified, or for which it was known asbestos would be used concurrently. GARDNER DENVER, INC. has done and does business in the State of Washington.

13.     Defendant, GOULDS PUMPS, INC., was and is a company incorporated under the laws of the State of Delaware with its principal place of business in New York. At all times material hereto, GOULDS PUMPS, INC. mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Goulds pumps. In addition, at all times material hereto, GOULDS PUMPS, INC. manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed products, materials, or equipment that required asbestos in order to operate, for which concurrent use of asbestos was specified, or for which it was known asbestos would be used concurrently. GOULDS PUMPS, INC. has done and does business in the State of Washington.

14.     Defendant, GRINNELL LLC, d/b/a GRINNELL CORPORATION, was and is a limited liability company incorporated under the laws of the State of Delaware with its principal place of business in Florida. GRINNELL LLC's only member is Tyco International Management Control, a resident of Princeton, New Jersey. At all times material hereto, GRINNELL LLC, d/b/a GRINNELL CORPORATION, mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Grinnell valves,

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

boilers and heaters.  In addition, at all times material hereto, GRINNELL LLC, d/b/a GRINNELL CORPORATION, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed products, materials, or equipment that required asbestos in order to operate, for which concurrent use of asbestos was specified, or for which it was known asbestos would be used concurrently.  GRINNELL LLC, d/b/a GRINNELL CORPORATION, has done and does business in the State of Washington.

15.     Defendant, HOPEMAN BROTHERS, INC., was and is a company incorporated under the laws of the State of Virginia with its principal place of business in Virginia.  At all times material hereto, HOPEMAN BROTHERS, INC. mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Asbestos Marinite & Micarta board used for bulkheads on ships.  In addition, at all times material hereto, HOPEMAN BROTHERS, INC. manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed products, materials, or equipment that required asbestos in order to operate, for which concurrent use of asbestos was specified, or for which it was known asbestos would be used concurrently.  HOPEMAN BROTHERS, INC. has done and does business in the State of Washington.

16.     Defendant, ITT, LLC, f/k/a ITT CORPORATION, ITT INDUSTRIES INC., ITT FLUID PRODUCTS CORP., HOFFMAN SPECIALTY MFG. CORP., BELL and GOSSETT COMPANY and ITT MARLOW, was and is a limited liability company incorporated under the laws of the State of Indiana with its principal place of business in New York.  After due diligence, Plaintiff was able to confirm with the Indiana Secretary of

COMPLAINT FOR WRONGFUL DEATH 11
(Case No.)

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

State that ITT, LLC lists three principals, all of which are residents of the State of New York. At all times material hereto, ITT, LLC, f/k/a ITT CORPORATION, ITT INDUSTRIES INC., ITT FLUID PRODUCTS CORP., HOFFMAN SPECIALTY MFG. CORP., BELL and GOSSETT COMPANY and ITT MARLOW, mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Bell & Gossett pumps and valves.  In addition, at all times material hereto, ITT, LLC, f/k/a ITT CORPORATION, ITT INDUSTRIES INC., ITT FLUID PRODUCTS CORP., HOFFMAN SPECIALTY MFG. CORP., BELL and GOSSETT COMPANY and ITT MARLOW, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed products, materials, or equipment that required asbestos in order to operate, for which concurrent use of asbestos was specified, or for which it was known asbestos would be used concurrently.  ITT, LLC, f/k/a ITT CORPORATION, ITT INDUSTRIES INC., ITT FLUID PRODUCTS CORP., HOFFMAN SPECIALTY MFG. CORP., BELL and GOSSETT COMPANY and ITT MARLOW, has done and does business in the State of Washington.

17.    Defendant, INGERSOLL-RAND COMPANY, was and is a company incorporated under the laws of the State of New Jersey with its principal place of business in North Carolina.  At all times material hereto, INGERSOLL-RAND COMPANY mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

Ingersoll-Rand compressors and pumps, as well as Aldrich pumps.  In addition, at all times material hereto, INGERSOLL-RAND COMPANY manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed products, materials, or equipment that required asbestos in order to operate, for which concurrent use of asbestos was specified, or for which it was known asbestos would be used concurrently.  INGERSOLL-RAND COMPANY has done and does business in the State of Washington.

18.     Defendant, JERGUSON GAGE & VALVE COMPANY, d/b/a CLARK-RELIANCE CORPORATION, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Ohio.  At all times material hereto, JERGUSON GAGE & VALVE COMPANY, d/b/a CLARK-RELIANCE CORPORATION, mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Jerguson boiler, gauge and valve glasses.  In addition, at all times material hereto, JERGUSON GAGE & VALVE COMPANY, d/b/a CLARK-RELIANCE CORPORATION, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed products, materials, or equipment that required asbestos in order to operate, for which concurrent use of asbestos was specified, or for which it was known asbestos would be used concurrently.  JERGUSON GAGE & VALVE COMPANY, d/b/a CLARK-RELIANCE CORPORATION, has done and does business in the State of Washington.

COMPLAINT FOR WRONGFUL DEATH 13
(Case No.)

19.     Defendant, JOHN CRANE, INC., was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Illinois.  At all times material hereto, JOHN CRANE, INC. mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing gaskets and packing.  In addition, at all times material hereto, JOHN CRANE, INC. manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed products, materials, or equipment that required asbestos in order to operate, for which concurrent use of asbestos was specified, or for which it was known asbestos would be used concurrently.  JOHN CRANE, INC. has done and does business in the State of Washington.

20.     Defendant, McNALLY INDUSTRIES, LLC, individually and as successor-in-interest to NORTHERN FIRE APPARATUS, was and is a limited liability company incorporated under the laws of the State of Wisconsin with its principal place of business in New York.  After due diligence, Plaintiff was able to confirm with the Wisconsin Secretary of State that McNALLY INDUSTRIES, LLC is composed of a sole member, Arsenal HoldCo., LLC., which is a citizen of the State of Delaware.  At all times material hereto, McNALLY INDUSTRIES, LLC, individually and as successor-in-interest to NORTHERN FIRE APPARATUS, mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Northern pumps.  In addition, at all times material hereto, McNALLY INDUSTRIES, LLC, individually and as successor-in-interest to NORTHERN FIRE

COMPLAINT FOR WRONGFUL DEATH 14
(Case No.)

APPARATUS, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed products, materials, or equipment that required asbestos in order to operate, for which concurrent use of asbestos was specified, or for which it was known asbestos would be used concurrently. McNALLY INDUSTRIES, LLC, individually and as successor-in-interest to NORTHERN FIRE APPARATUS, has done and does business in the State of Washington.

21. Defendant, VELAN VALVE CORP., was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Vermont. At all times material hereto, VELAN VALVE CORP. mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Velan valves and steam traps. In addition, at all times material hereto, VELAN VALVE CORP. manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed products, materials, or equipment that required asbestos in order to operate, for which concurrent use of asbestos was specified, or for which it was known asbestos would be used concurrently. VELAN VALVE CORP. has done and does business in the State of Washington.

22. Defendant, VIAD CORP. f/k/a THE DIAL CORPORATION, individually and as successor to GRISCOM RUSSELL COMPANY, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Washington. At all times material hereto, VIAD CORP. f/k/a THE DIAL CORPORATION, individually and as successor to GRISCOM RUSSELL COMPANY mined, manufactured, processed,

COMPLAINT FOR WRONGFUL DEATH 15
(Case No.)

imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Griscom Russell distilling plants. In addition, at all times material hereto, VIAD CORP. f/k/a THE DIAL CORPORATION, individually and as successor to GRISCOM RUSSELL COMPANY manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed products, materials, or equipment that required asbestos in order to operate, for which concurrent use of asbestos was specified, or for which it was known asbestos would be used concurrently. VIAD CORP. f/k/a THE DIAL CORPORATION, individually and as successor to GRISCOM RUSSELL COMPANY. has done and does business in the State of Washington.

23. Defendant, VIKING PUMP, INC., was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Iowa. At all times material hereto, VIKING PUMP, INC. mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Viking pumps. In addition, at all times material hereto, VIKING PUMP, INC. manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed products, materials, or equipment that required asbestos in order to operate, for which concurrent use of asbestos was specified, or for which it was known asbestos would be used concurrently. VIKING PUMP, INC. has done and does business in the State of Washington.

COMPLAINT FOR WRONGFUL DEATH 16
(Case No.)

24.     Defendant, WEIR VALVES & CONTROLS USA, INC., individually and as successor-in-interest to ATWOOD & MORRILL CO., INC., was and is a company incorporated under the laws of the State of Massachusetts with its principal place of business in Massachusetts.  At all times material hereto, WEIR VALVES & CONTROLS USA, INC., individually and as successor-in-interest to ATWOOD & MORRILL CO., INC., mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Atwood & Morrill valves.  In addition, at all times material hereto, WEIR VALVES & CONTROLS USA, INC., individually and as successor-in-interest to ATWOOD & MORRILL CO., INC., manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed products, materials, or equipment that required asbestos in order to operate, for which concurrent use of asbestos was specified, or for which it was known asbestos would be used concurrently.  WEIR VALVES & CONTROLS USA, INC., individually and as successor-in-interest to ATWOOD & MORRILL CO., INC., has done and does business in the State of Washington.

25.     Defendant, THE WILLIAM POWELL COMPANY, was and is a company incorporated under the laws of the State of Ohio with its principal place of business in Ohio. At all times material hereto, THE WILLIAM POWELL COMPANY mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Powell valves.  In addition, at all times material hereto, THE WILLIAM POWELL COMPANY manufactured,

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed products, materials, or equipment that required asbestos in order to operate, for which concurrent use of asbestos was specified, or for which it was known asbestos would be used concurrently.  THE WILLIAM POWELL COMPANY has done and does business in the State of Washington.

III.   JURISDICTION

26.    This Court has personal jurisdiction over the Defendants because the Defendants are duly licensed to do business in the State of Washington and/or at all material times are or have been engaged in business in the State of Washington.

27.    Further, this Court has jurisdiction over the parties pursuant to 28 U.S.C.A. §1332 because the parties to the suit are completely diverse in that none of the Defendants are citizens of the same state as the Plaintiff.  The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

28.    Pursuant to 28 U.S.C.A. §1391(2), venue is proper in this judicial district because a substantial part of the events or omissions occurred in Washington.

29.    Plaintiff has satisfied all conditions precedent to the filing of this action. All of the named defendants are foreign corporations that are amenable to jurisdiction in the courts of Washington, by virtue of their respective conduct of substantial and/or systematic business in Washington or by virtue of their commission of tortious acts in Washington. At all material times, each defendant corporation used, mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, incorporated into their product design, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment which were sold, distributed, and used in Washington.

COMPLAINT FOR WRONGFUL DEATH 18
(Case No.)

Plaintiff, while working at PSNS, was exposed to various asbestos-containing products listed in paragraphs 2 through 8, for which asbestos exposure the Defendants are jointly & severally liable.

## IV.    FACTUAL BACKGROUND

30.    Plaintiff is Sherri L. Deem, wife of decedent Thomas A. Deem and personal representative of his estate.  Plaintiff Sherri L. Deem resides in Silverdale, Washington.

31.    For Decedent Thomas A. Deem:

A.    Date of Birth:  XX-XX-1953.

B.    Plaintiff's decedent worked at Puget Sound Naval Shipyard ("PSNS") from 1974 – 1981 as an apprentice and journeyman outside machinist. During his employment at PSNS, up to approximately 1979, Plaintiff was exposed to asbestos and/or asbestos-containing products manufactured and/or sold by defendants.

C.    During the employment referenced above, up to approximately 1979, Plaintiff's decedent Thomas A. Deem was exposed to asbestos and asbestos-containing products, and products manufactured for foreseeable use with asbestos products, manufactured, used, and/or sold by defendants.

D.    Plaintiff believes Plaintiff's decedent has been exposed to the asbestos-containing products, and products manufactured for foreseeable use with asbestos products, of every named defendant in this lawsuit.

COMPLAINT FOR WRONGFUL DEATH 19
(Case No.)

E.      As a result of this exposure, Plaintiff's decedent Thomas A. Deem developed an asbestos-related disease, specifically mesothelioma.  He first learned in approximately February 2015 that he had mesothelioma, caused by asbestos exposure.  Plaintiff has been treated for his asbestos-related disease, namely mesothelioma, by Dr. Malcolm Winter.

## V.      LIABILITY AND RELIEF

32.     Defendants are foreign corporations who, at all relevant times, have done business in the State of Washington.

33.     Each defendant corporation or its predecessor-in-interest manufactured and/or put asbestos, asbestos-containing products, and products manufactured for foreseeable use with asbestos products, into the stream of commerce and/or used asbestos containing material at work sites where Plaintiff's decedent Thomas A. Deem worked.

34.     Plaintiff claims liability based upon the theories of product liability, including, but not limited to negligence, strict product liability (for example, Restatement (Second) of Torts § 402A), premises liability, the former RCW 49.16.030, and any other applicable theory of liability, including, if applicable, RCW 7.72 et seq.

35.     The manufacturer/distributor defendants identified above are liable for, among other things, the following conduct:  negligent and unsafe design; failure to inspect, test, warn, instruct, monitor and/or recall; failure to substitute safe products; marketing products not reasonably safe as manufactured; marketing products not reasonably safe as designed; and marketing products not reasonably safe for lack of adequate warnings.

COMPLAINT FOR WRONGFUL DEATH 20
(Case No.)

36.     These actions or omissions of defendants, and each of them, proximately caused severe personal injury and other damages to Plaintiff's decedent, including his death.

## VI.     DAMAGES

37.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

38.     As a result of the development of asbestos related diseases, Plaintiff's decedent has suffered and sustained very serious injuries to his person, to wit: mesothelioma.

39.     Plaintiff's decedent had further suffered great pain, extreme nervousness, and mental anguish as a direct result of the aforesaid injuries.

40.     Plaintiff verily believes that Plaintiff's decedent's injuries and illnesses were recurrent in nature and that he was forced to suffer same for the remainder of his life; that his enjoyment of life had been greatly impaired; and further, that his expected life span had been greatly shortened.

41.     Plaintiff alleges that as a result of the aforesaid illnesses, Plaintiff's decedent had been forced to incur medical expenses by way of doctor and drug bills and verily believes that he had been forced to incur additional expenses in an effort to treat his illnesses as aforesaid alleged.

42.     Plaintiff Sherri L. Deem has suffered and will suffer damages for loss of companionship, services and consortium.

43.     Plaintiffs' children have also suffered and will suffer damages for loss of love, care, and companionship.

44.     WHEREFORE, Plaintiff Sherri L. Deem verily believes she is entitled to actual damages against the Defendants, jointly and severally, by reason of said negligence,

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

gross negligence, breach of warranty, failure to warn and other breaches of duty as alleged herein proximately caused by the fault of the Defendants, lost wages, special damages, and punitive damages in an amount to be determined by the trier of fact, plus the costs of this action.

45.     WHEREFORE, Plaintiff prays for judgment against the Defendants and each of them as follows:

A.     Award the Plaintiff compensatory damages, in an amount to be determined at trial;

B.     Award the Plaintiff punitive damages, if applicable;

C.     Award the Plaintiff pre-judgment and post-judgment interest and any other costs, expenses or fees to which the Plaintiff may be entitled by law; and

D.     Award the Plaintiff such other and further relief as is just and proper.

//
//
//
//
//
//
//
//
//

COMPLAINT FOR WRONGFUL DEATH 22
(Case No.)

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

**A JURY IS RESPECTFULLY DEMANDED TO TRY THESE ISSUES.**

DATED this 28th day of June, 2018.

SCHROETER, GOLDMARK & BENDER

s/Thomas J. Breen
THOMAS J. BREEN, WSBA #34574

s/Lucas Garrett
LUCAS GARRETT, WSBA #38452

s/Elizabeth McLafferty
ELIZABETH MCLAFFERTY, WSBA #45291
810 Third Avenue, Suite 500
Seattle, WA  98104
(206) 622-8000
SGBasbestos@sgb-law.com
breen@sgb-law.com
garrett@sgb-law.com
houser@sgb-law.com
*Counsel for Plaintiffs*

COMPLAINT FOR WRONGFUL DEATH 23
(Case No.)